## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ESTATE OF LA'MELLO PARKER;**
**L.S., a minor, by and through Kevin Smith his next friend,**
**Individually and on behalf of all entitled to recover**                    **PLAINTIFF**

**VS.**                         **CIVIL ACTION NO.: 1:23-cv-185-TBM-RPM**

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;**
**HARRISON COUNTY SHERIFF TROY PETERSON;**
**in his Individual and Official Capacities;**
**HARRISON COUNTY, MISSISSIPPI;**
**HARRISON COUNTY DEPUTY CHRIS ALLEN,**
**in his Individual and Official Capacities;**
**HARRISON COUNTY DEPUTY HARRY MOSKOWITZ,**
**in his Individual and Official Capacities;**
**CITY OF GULFPORT, MISSISSIPPI;**
**GULFPORT POLICE OFFICER MICHAEL MORAN,**
**in his Individual and Official Capacities;**
**JOHN DOE MISSISSIPPI HIGHWAY PATROL**
**TROOPERS 1-8 in his Individual and Official Capacities; and**
**JOHN DOES 1-75**                                    **DEFENDANTS**

---

### ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES OF DEFENDANTS, TROY PETERSON, CHRIS ALLEN AND HARRY MOSKOWITZ, TO THE PLAINTIFF'S AMENDED COMPLAINT

---

COME NOW, the Defendants, Troy Peterson, Chris Allen and Harry Moskowitz, in their official and individual capacities, by and through their attorneys of record, Hopkins, Barvié & Hopkins, P.L.L.C., and files this their Answer, Defenses and Affirmative Defenses to Plaintiff's Amended Complaint and would show unto the Court the following, to-wit:

### QUALIFIED IMMUNITY DEFENSE

These Defendants would show that they are entitled to dismissal in this matter inasmuch as they are immune from suit and recovery herein as their actions were objectively reasonable

-1-

and were clearly consistent with established law, both Constitutional and statutory, and not otherwise unconstitutional.

## FIRST DEFENSE

Process and/or service of process as to these Defendants is insufficient and these Defendants are entitled to a dismissal of the Amended Complaint against them pursuant to Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Plaintiffs, singularly or collectively, lack proper standing to file, assert, or pursue the instant action or any of the claims raised in this matter.

## THIRD DEFENSE

To the extent Plaintiff raises any claims under Mississippi law, Plaintiff has failed to comply with the requirements of the Mississippi Tort claims Act, Miss. Code Ann §11-46-1, *et seq.*, including the notice requirements of Miss. Code Ann. §11-46-1.

## FOURTH DEFENSE

The Plaintiff's Amended Complaint, fails to state a cause of action upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

These Defendants specifically reserve and invoke all other rights and defenses available unto them, including but not limited to those set forth in Rules 8( c), 12(b) and 19 of the Federal Rules of Civil Procedure, the Mississippi Code Annotated of 1972, as amended, the United States Code, and/or common law, for which a good faith legal and/or factual basis exists in their favor.

## SIXTH DEFENSE

That at all times relevant to Plaintiff's claims, these Defendants acted in a reasonable manner and in good faith while in the course and scope of their employment and in the execution of their official duties, and therefore, these Defendants are immune from liability.

## SEVENTH DEFENSE

Any acts or omissions by these Defendants are not the sole and proximate cause of, or in the alternative, the proximate contributing cause of any injuries to the Plaintiff, or any alleged injuries or damages to the Plaintiff, therefore, these Defendants are not liable to the Plaintiff.

## EIGHTH DEFENSE

These Defendants plead all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrine of absolute immunity, sovereign immunity, and qualified immunity.

## NINTH DEFENSE

These Defendants claim sovereign immunity from any damages by Plaintiff, as made as provided in Miss. Code Ann. § 11-46-1, *et seq.*

## TENTH DEFENSE

These Defendants specifically assert that Plaintiff's claims, in whole and in part, are barred by the applicable statute of limitations and statute of repose.

## ELEVENTH DEFENSE

Plaintiff's Complaint is barred pursuant to the statute of limitations set forth in § 11-46-11 of the 1972 Miss. Code Ann. (Supp. 1996).

## TWELFTH DEFENSE

All claims are barred by the applicable state and federal statute of limitations.

### THIRTEENTH DEFENSE

These Defendants did not breach any duty owed to Plaintiff, nor did they violate any right or privilege of Plaintiff and, therefore, are not liable for any alleged damages.

### FOURTEENTH DEFENSE

These Defendants would state that Sheriff Troy Peterson is the only policymaker at the Harrison County Sheriff's Office and no other Defendant or any other individual's conduct can be characterized as that of a policymaker. Therefore, no other Defendant or any other individual's conduct can attribute liability to the Harrison County Sheriff's Office or Harrison County itself. In the alternative, in the event any Defendant or other individual is deemed to be a policymaker at the Harrison County Adult Detention Center (hereinafter "HCADC"), all allegations of official capacity liability against these Defendant are denied.

### FIFTEENTH DEFENSE

Plaintiff has not suffered a constitutional deprivation and thus the Complaint should be dismissed.

### SIXTEENTH DEFENSE

These Defendants are exempt as employees of a governmental entity pursuant to Miss. Code Ann. § 11-46-9, *et seq.*, including, but not limited to sub sections 1(b), (c), (e), (f), (g), (m), (r), and (v).

### SEVENTEENTH DEFENSE

Plaintiff's Amended Complaint is subject to the exclusive remedy provisions of § 11-46-7 of the 1972 Miss. Code Ann. (Supp. 1996), and Plaintiff is not entitled to a jury trial.

### EIGHTEENTH DEFENSE

Plaintiff cannot recover punitive or exemplary damages against these Defendants.

## NINETEENTH DEFENSE

Plaintiff cannot recover punitive damages under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 1988 against these Defendants.

## TWENTIETH DEFENSE

These Defendants would show that any damages of the Plaintiff, the existence thereof which are denied, where the result of inactions or actions of persons other than these Defendants, whose actions these Defendants did not control, or have the right to control, including persons who may have been employed by the Sheriff of Harrison County, but who were acting outside the course and scope of their employment during the incident which is the subject of the Complaint.

## TWENTY-FIRST DEFENSE

These Defendants raise the defenses of contributory or comparative negligence, lack of privity or contract, and lack of any duty owed to Plaintiff by these Defendants.

## TWENTY-SECOND DEFENSE

There can be no liability under 42 U.S.C. § 1983, against these Defendants based on the doctrine of *respondeat superior.*

## TWENTY-THIRD DEFENSE

The actions and conduct of Eric Smith, father of La'Mello Parker, Decedent, resulted in the damages complained of and therefore, the Plaintiffs are estopped from complaining of and recovering damages for actions which were fostered, sponsored, perpetuated or otherwise initiated by Eric Smith.

## TWENTY-FOURTH DEFENSE

Affirmatively and alternatively, if the acts, conduct and/or omissions, negligent, intentional or otherwise, of Eric Smith were not the sole proximate cause of the Plaintiffs'

damages or injuries herein, if any, said acts, conduct and/or omissions, negligent, intentional or otherwise, of Eric Smith were a contributing cause of the damages or injuries, if any, asserted herein.

## TWENTY-FIFTH DEFENSE

If the Plaintiffs are entitled to recover from these Defendants, which is denied, such recovery should properly be apportioned pursuant to Miss. Code Ann. § 85-5-7 to the extent that the damages alleged in the Plaintiffs' Amended Complaint are attributable to the conduct of others, including Eric Smith.

## TWENTY-SIXTH DEFENSE

The damages claimed by Plaintiffs are not related to the alleged incident(s) sued upon.  In addition, or in the alternative, La'Mello Parker, Decedent, did not suffer any of the alleged injuries complained of as a result of any alleged force, excessive or otherwise.

## TWENTY-SEVENTH DEFENSE

The Plaintiff, Kevin Smith, has not shown or attached any lawful authority to file this civil action on behalf of the Estate of La'Mello Parker and/or the minor child, L.S., as required by the Federal Rules of Civil Procedure and therefore, this action should be dismissed.

## TWENTY-EIGHTH DEFENSE

These Defendants had probable cause or other legal or justifiable cause and reason for any and all searches, seizures, arrests, questioning, uses of force, detentions, imprisonments, actions and incidents complained of.

## TWENTY-NINTH DEFENSE

These Defendants acted in good faith with regard to any and all actions taken or omitted by them including, but not limited to, any and all alleged searches, seizures, arrests, uses of force,

questioning, detentions and/or imprisonments.

## THIRTIETH DEFENSE

These Defendants assert the affirmative defense of self-defense, defense of others, and/or defense of property with respect to any actions or omissions alleged with respect to these Defendants.

## THIRTY-FIRST DEFENSE

At all times alleged in the Amended Complaint, these Defendants were acting in their discretionary capacity as reasonable law enforcement or police officers and were not in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of the alleged incident and/or alleged injuries sued upon.

## THIRTY-SECOND DEFENSE

At all material times alleged in the Amended Complaint, these Defendants were engaged in the performance or execution of their duties or activities relating to police protection and is therefore not personally liable but were acting within their capacity as law enforcement officers for a disclosed principal.

## THIRTY-THIRD DEFENSE

At all material times alleged in the Amended Complaint, these Defendants exercised or acted with reasonable and ordinary care in alleged reliance upon or in execution or performance or in the alleged failure to execute or perform a statue, ordinance, or regulation.

AND NOW, in response to the allegations of the Amended Complaint, or other pleadings, these Defendants answer on a Paragraph-by-Paragraph basis as follows:

**PARTIES**

1.    These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 1 of the Amended Complaint and would therefore deny same.

2.    These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 2 of the Amended Complaint and would therefore deny same.

3.    These Defendants admit that the Mississippi Department of Public Safety is a department of the State of Mississippi.  These Defendants are without sufficient information to admit or deny the remaining allegations and legal conclusions contained in Paragraph 3 of the Amended Complaint and would therefore deny same.

4.    These Defendants admit that Harrison County, Mississippi is a political sub-division located with the State of Mississippi.  These Defendants are without sufficient information to admit or deny the remaining allegations and legal conclusions contained in Paragraph 4 of the Amended Complaint and would therefore deny same.

5.    These Defendants admit Troy Peterson is the elected sheriff of Harrison County, Mississippi and may be served by any means allowed by the FRCP including work address. These Defendants are without sufficient information to admit or deny the remaining allegations and legal conclusions contained in Paragraph 5 of the Amended Complaint.

6.    These Defendants admit that Chris Allen was a K9 deputy with the Harrison County Sheriff's Department.  These Defendants are without sufficient information to admit or deny the remaining allegations and legal conclusions contained in Paragraph 6 of the Amended Complaint.

7.      These Defendants admit that Harry Moskowitz is a deputy with the Harrison County Sheriff's Department.  These Defendants are without sufficient information to admit or deny the remaining allegations and legal conclusions contained in Paragraph 7 of the Amended Complaint.

8.      These Defendants admit that the City of Gulfport is a municipality organized under the laws of the State of Mississippi.  These Defendants are without sufficient information to admit or deny the remaining allegations and legal conclusions contained in Paragraph 8 of the Amended Complaint and would therefore deny same.

9.      These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 9 of the Amended Complaint and would therefore deny same.

10.     These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 10 of the Amended Complaint and would therefore deny same.

11.     These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 11 of the Amended Complaint and would therefore deny same.

12.     These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 12 of the Amended Complaint and would therefore deny same.

13.     These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 13 of the Amended Complaint and would therefore deny same.

## JURISDICTION AND VENUE

14.      These Defendants deny the allegations and legal conclusions contained in Paragraph 14 of the Amended Complaint.

## FACTS

15.      Upon information and belief, these Defendants admit Paragraph 15 of the Amended Complaint.

16.      Upon information and belief, these Defendants admit Paragraph 16 of the Amended Complaint.

17.      These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 17 of the Amended Complaint and would therefore deny same.

18.      These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 18 of the Amended Complaint and would therefore deny same.

19.      These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 19 of the Amended Complaint and would therefore deny same.

20.      These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 20 of the Amended Complaint and would therefore deny same.

21.      These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 21 of the Amended Complaint and would therefore deny same.

22.     These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 22 of the Amended Complaint and would therefore deny same.

23.     These Defendants admit that the Harrison County Sheriff's Department joined the pursuit of Smith's vehicle on I-10.  These Defendants are without sufficient information to admit or deny the remaining allegations and legal conclusions contained in Paragraph 23 of the Amended Complaint and would therefore deny same.

24.     These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 24 of the Amended Complaint and would therefore deny same.

25.     These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 25 of the Amended Complaint and would therefore deny same.

26.     These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 26 of the Amended Complaint and would therefore deny same.

27.     These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 27 of the Amended Complaint and would therefore deny same.

28.     These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 28 of the Amended Complaint and would therefore deny same.

29.    These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 29 of the Amended Complaint and would therefore deny same.

30.    These Defendants are without sufficient information to admit or deny the allegations and legal conclusions contained in Paragraph 30 of the Amended Complaint and would therefore deny same.

31.    These Defendants deny the allegations and legal conclusions contained in Paragraph 31 as stated of the Amended Complaint.

32.    These Defendants admit that MHP were in the lead behind Smith's vehicle on eastbound I-10.  These Defendants deny the remaining allegations contained in Paragraph 32 as stated of the Amended Complaint.

33.    These Defendants deny the allegations and legal conclusions contained in Paragraph 33 as stated of the Amended Complaint.

34.    These Defendants admit that Chris Allen left his vehicle and joined the other officers who had taken cover.  These Defendants deny the remaining allegations contained in Paragraph 34 of the Amended Complaint.

35.    These Defendants admit Paragraph 35 of the Amended Complaint.

36.    These Defendants admit that Smith pointed a firearm outside of the window of his vehicle and fired a round in the direction of the officers, including these Defendants. These Defendants deny the remaining allegations contained in Paragraph 36 of the Amended Complaint.

37.    These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 37 and would therefore deny same.

38.     These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 38 and would therefore deny same.

39.     These Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 39 of the Amended Complaint and would therefore deny same.

40.     Defendant, Moskowitz, admits that he discharged his police duty weapon in response to being fired upon by Smith.  These Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 40 of the Amended Complaint and would therefore deny same.

41.     These Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 41 and would therefore deny same.

42.     These Defendants admit that they received law enforcement training through the Mississippi Law Enforcement Officer's Training Academy along with other training.  These Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 42 and would therefore deny same.

43.     These Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint.

44.     These Defendants admit that they received law enforcement training through the Mississippi Law Enforcement Officer's Training Academy along with other training.  These Defendants deny the remaining allegations contained in Paragraph 44 of the Amended Complaint to the extent they attempt to assert liability against these Defendants or serve as a basis of any liability or relief against these Defendants.

-13-

45.     These Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint to the extent they attempt to assert liability against these Defendants or serve as a basis of any liability or relief against these Defendants.

46.     To the extent any of the allegations or legal conclusions contained in Paragraph 46 of the Amended Complaint are directed toward these Defendants, or are being asserted to impose liability or form the basis of any relief against these Defendants, said allegations and legal conclusions are denied.  Otherwise, these Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 46 and would therefore deny same.

47.     To the extent any of the allegations or legal conclusions contained in Paragraph 47 of the Amended Complaint are directed toward these Defendants, or are being asserted to impose liability or form the basis of any relief against these Defendants, said allegations and legal conclusions are denied.  Otherwise, these Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 47 and would therefore deny same.

48.     To the extent any of the allegations or legal conclusions contained in Paragraph 48 of the Amended Complaint are directed toward these Defendants, or are being asserted to impose liability or form the basis of any relief against these Defendants, said allegations and legal conclusions are denied.  Otherwise, these Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 48 and would therefore deny same.

## COUNT I - RECKLESS ENDANGERMENT BY
## MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY

49.     These Defendant incorporate their responses, denials and defenses herein above in all words, expressions an details.

50.    To the extent any of the allegations or legal conclusions contained in Paragraph 50 of the Amended Complaint are directed toward these Defendants, or are being asserted to impose liability or form the basis of any relief against these Defendants, said allegations and legal conclusions are denied.  Otherwise, these Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 50 and would therefore deny same.

51.    Paragraph 51 does not appear to assert any allegations directed towards these Defendants.  However, if the allegations or legal conclusions contained in Paragraph 51 of the Amended Complaint are directed toward these Defendants, or are being asserted to impose liability or form the basis of any relief against these Defendants, said allegations and legal conclusions are denied.

52.    Paragraph 52 does not appear to assert any allegations directed towards these Defendants.  However, if the allegations or legal conclusions contained in Paragraph 52 of the Amended Complaint are directed toward these Defendants, or are being asserted to impose liability or form the basis of any relief against these Defendants, said allegations and legal conclusions are denied.

53.    Paragraph 53 does not appear to assert any allegations directed towards these Defendants.  However, if the allegations or legal conclusions contained in Paragraph 53 of the Amended Complaint are directed toward these Defendants, or are being asserted to impose liability or form the basis of any relief against these Defendants, said allegations and legal conclusions are denied.

54.    Paragraph 54 does not appear to assert any allegations directed towards these Defendants.  However, if the allegations or legal conclusions contained in Paragraph 54 of the Amended Complaint are directed toward these Defendants, or are being asserted to impose

liability or form the basis of any relief against these Defendants, said allegations and legal conclusions are denied.

### COUNT II - RECKLESS ENDANGERMENT BY HARRISON COUNTY

55.     These Defendant incorporate their responses, denials and defenses herein above in all words, expressions an details.

56.     Paragraph 56 does not appear to assert any allegations directed towards these Defendants.  However, if the allegations or legal conclusions contained in Paragraph 56 of the Amended Complaint are directed toward these Defendants, or are being asserted to impose liability or form the basis of any relief against these Defendants, said allegations and legal conclusions are denied.

57.     To the extent any of the allegations or legal conclusions contained in Paragraph 57 of the Amended Complaint are directed toward these Defendants, or are being asserted to impose liability or form the basis of any relief against these Defendants, said allegations and legal conclusions are denied.

58.     Paragraph 58 does not appear to assert any allegations directed towards these Defendants.  However, if the allegations or legal conclusions contained in Paragraph 58 of the Amended Complaint are directed toward these Defendants, or are being asserted to impose liability or form the basis of any relief against these Defendants, said allegations and legal conclusions are denied.

### COUNT III - RECKLESS ENDANGERMENT BY INDIVIDUAL LAW ENFORCEMENT OFFICERS

59.     These Defendant incorporate their responses, denials and defenses herein above in all words, expressions an details.

60.     These Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint.

61.     These Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint.

62.     These Defendants deny the allegations contained in Paragraph 62 of the Amended Complaint.

63.     These Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64.     These Defendant deny the allegations contained in Paragraph 64 of the Amended Complaint.

**COUNT IV - DEPRIVATION OF CIVIL RIGHTS - AS TO ALL DEFENDANTS**

65.     These Defendant incorporate their responses, denials and defenses herein above in all words, expressions an details.

66.     These Defendants deny the allegations and legal conclusions contained in Paragraph 66 of the Amended Complaint.

67.     These Defendants deny the allegations and legal conclusions contained in Paragraph 67 of the Amended Complaint.

68.     These Defendants deny the allegations and legal conclusions contained in Paragraph 68 of the Amended Complaint.

69.     These Defendants deny the allegations and legal conclusions contained in Paragraph 69 of the Amended Complaint.

70.     These Defendants deny the allegations and legal conclusions contained in Paragraph 70 of the Amended Complaint.

71.    These Defendants deny the allegations and legal conclusions contained in Paragraph 71 of the Amended Complaint.

72.    These Defendants deny the allegations and legal conclusions contained in Paragraph 72 of the Amended Complaint.

### COUNT V - FAILURE TO INTERVENE - AS TO ALL DEFENDANTS

73.    These Defendant incorporate their responses, denials and defenses herein above in all words, expressions an details.

74.    These Defendants deny the allegations and legal conclusions contained in Paragraph 74 of the Amended Complaint.

75.    These Defendants deny the allegations and legal conclusions contained in Paragraph 75 of the Amended Complaint.

76.    These Defendants deny the allegations and legal conclusions contained in Paragraph 76 of the Amended Complaint.

77.    These Defendants deny the allegations and legal conclusions contained in Paragraph 77 of the Amended Complaint.

78.    These Defendants deny the allegations and legal conclusions contained in Paragraph 78 of the Amended Complaint.

79.    These Defendants deny the allegations and legal conclusions contained in Paragraph 79 of the Amended Complaint.

80.    These Defendants deny the allegations and legal conclusions contained in Paragraph 80 of the Amended Complaint.

81.    These Defendants deny the allegations and legal conclusions contained in Paragraph 81 of the Amended Complaint.

82.     These Defendants deny the allegations and legal conclusions contained in Paragraph 82 of the Amended Complaint.

83.     These Defendants deny the allegations and legal conclusions contained in Paragraph 83 of the Amended Complaint.

## QUALIFIED IMMUNITY DEFENSES BARRED BY STATUTE

84.     The allegations of Paragraph 84 of the Amended Complaint appears to incorporate the previous allegations contained in Counts IV and V of the Amended Complaint; therefore, these Defendants incorporate their responses, denials and defenses herein above in all words, expressions and details, including their responses, denials and defenses to Counts IV and V of the Amended Complaint.

85.     These Defendants deny the allegations and legal conclusions contained in Paragraph 85 of the Amended Complaint.

86.     These Defendants deny the allegations and legal conclusions contained in Paragraph 86 of the Amended Complaint.

87.     These Defendants deny the allegations and legal conclusions contained in Paragraph 87 of the Amended Complaint.

## COUNT VI - MONELL LIABILITY

88.     These Defendant incorporate their responses, denials and defenses herein above in all words, expressions an details.

89.     Paragraph 89 does not appear to assert any allegations directed towards these Defendants.  However, if the allegations or legal conclusions contained in Paragraph 89 of the Amended Complaint are directed toward these Defendants, or are being asserted to impose

liability or form the basis of any relief against these Defendants, said allegations and legal conclusions are denied.

90.    Paragraph 90 does not appear to assert any allegations directed towards these Defendants.  However, if the allegations or legal conclusions contained in Paragraph 90 of the Amended Complaint are directed toward these Defendants, or are being asserted to impose liability or form the basis of any relief against these Defendants, said allegations and legal conclusions are denied.

91.    Paragraph 91and the sub-parts a-h do not appear to assert any allegations directed towards these Defendants.  However, if the allegations or legal conclusions contained in Paragraph 91 and the sub-parts a-h of the Amended Complaint are directed toward these Defendants, or are being asserted to impose liability or form the basis of any relief against these Defendants, said allegations and legal conclusions are denied.

92.    These Defendants deny that they violated La'Mello's civil rights.

93.    These Defendants deny the allegations contained in Paragraph 93 of the Amended Complaint.

## PUNITIVE DAMAGES

94.    These Defendants deny the allegations contained in Paragraph 94 of the Amended Complaint.

## PRAYER

These Defendants deny the allegations and legal conclusions contained in the unnumbered Paragraph of the Amended Complaint beginning with "WHEREFORE, PREMISES CONSIDERED..." and sub-parts a-k and would deny that the Plaintiff is entitled to any relief whatsoever and would demand strict proof thereof.

## **AFFIRMATIVE DEFENSES**

AND NOW, having answered the Plaintiffs' Amended Complaint, these Defendants assert the following affirmative defenses to be shown and proven at a trial or a hearing of this matter.

1.

Neither the Defendants nor the Plaintiffs can demonstrate the existence of any policy, custom, or usage of the Harrison County Sheriff's Office which later could have led to the alleged constitutional deprivation of which Plaintiffs complain, and, therefore, Plaintiffs cannot maintain a claim against these Defendants pursuant to 42 U.S.C. §1983. Further, none of the Plaintiffs' alleged injuries are the result of any policy, custom, or usage of Harrison County, Mississippi, which led or could have led to the alleged constitutional deprivations of which Plaintiffs complain, and therefore, they cannot maintain a claim against these Defendants pursuant to 42 U.S.C. §1983.

2.

These Defendants invoke the provisions of §85-5-7, Miss. Code Ann. of 1972, as amended, thus reserving any claims for apportionment, contribution and/or indemnity as to other named or unnamed tortfeasors.

3.

These Defendants plead all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrines of sovereign immunity, absolute immunity, and qualified immunity. These Defendants state that they are protected by sovereign and absolute immunity. These Defendants, in their individual capacities, state that they are protected by qualified immunity against any claims for penalties, damages,

punitive damages, attorney's fees, or any other damages as requested in the Plaintiffs' Amended Complaint.

4.

To the extent the Plaintiffs' Amended Complaint raises any claim under Mississippi law, these Defendants specifically plead all protections to which they are entitled pursuant to §11-46-1, *et seq.*, of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, Miss. Code Ann. §§11-46-5; 11-46-7; 11-46-9; 11-46-11; 11-46-13; 11-46-15; 11-46-17; all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; these Defendants' right to bench trial; and all limitations on liability contained therein.

5.

These Defendants specifically plead Miss. Code Ann. §11-46-9(1) which exempts governmental entities from the waiver of sovereign immunity for any claim arising out of any act or omission of any employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection, unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

6.

These Defendants specifically plead Miss. Code Ann. §11-46-9(1)(d) which exempts governmental entities from the waiver of sovereign immunity for any claim based upon the exercise or performance or the failure to exercise or perform a discretionary or function of duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

7.

These Defendants specially plead Miss. Code Ann. §11-46-9(1)(m) which exempts governmental entities from the waiver of sovereign immunity for any claim of any claimant who at the time the claim arises is an inmate of any detention center, jail or other such institution, regardless of such claimant is or is not an inmate of any detention center, jail, or other such institution where the claim is filed.

8.

That the damages allegedly sustained by the Plaintiffs are speculative and are not recoverable.

9.

That these Defendants reserve their right to seek a set off and/or credit for any sums paid or any other things of value given to or conferred upon Plaintiffs arising out of or in any manner related to this incident which otherwise serves to reduce or mitigate Plaintiffs' alleged damages. In addition or in the alternative, these Defendants would affirmatively show that Plaintiffs failed to mitigate their damages and these Defendants are therefore entitled to all appropriate set offs and/or credits or a reduction of Plaintiffs' alleged damages, due to said failure to mitigate.

10.

These Defendants invoke the defense of contributory and comparative negligence to the extent the actions of Plaintiffs in any of the aforesaid respects constituted a contributing factor to the alleged incident and resulting injuries they allegedly sustained.

11.

These Defendants aver that any award of punitive damages to the Plaintiffs in this case would be a violation of the constitutional rights and safeguards provided to these Defendants under the Constitution of the State of Mississippi and the Constitution of the United States of

America including, without limitations, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages.  There is no meaningful trial court or appellate review mechanisms to constitutionally confirm any punitive damages award, and imposition would allow a verdict obtained by passion and prejudice.  *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 425 (2003); *Phillip Morris USA v. Williams*, 549 U.S. 346, 352 (2007).

12.

These Defendants would show that the Plaintiffs' Amended Complaint, to the extent that Plaintiffs seek punitive or exemplary damages, violates certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but not limited to, the following:

It violates these Defendants' protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi.

It further violates these Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi.

It violates the Fourteenth Amendment as said Amendment guarantees these Defendants' equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing the Defendants on the basis of wealth.

13.

The Fourth, Fifth and Sixth Amendments form the basis for laws governing the process, convicting, and sentencing of criminal defendants, and to the extent that these Defendants are

-24-

subjected to criminal sanctions through punitive damages, the burden or proof for imposing

punitive damages is "beyond a reasonable doubt."

14.

These Defendants would show that Plaintiffs were afforded all protections due them

under the United States Constitution, that any actions by these Defendants were reasonable,

proper, in good faith, and complied with any and all constitutional standards, and that there was

no violation whatsoever of any of the Plaintiffs' constitutional or other rights.  These Defendants

would show that they were not deliberately indifferent, subjectively or otherwise, in any contact

with Plaintiffs.

15.

These Defendants would further show that they did not have actual, subjective knowledge

of a substantial risk of serious harm to the Plaintiffs nor did they respond with subjective

deliberate indifference to such a risk under any interpretation of the United States Constitution.

16.

These Defendants would show and aver that any damages incurred, the same being

denied, were solely, directly, and proximately the result of the negligent and/or intentional acts or

omissions of Plaintiffs, and/or persons other than the Defendants, and were the sole proximate

cause and/or substantial contributing cause of any incident complained of by the Plaintiffs and

any and all injuries sustained by the Plaintiffs, all of which are denied, and that these activities on

the part of the Plaintiffs, and/or other persons absolve these Defendants herein of any liability

whatsoever.  In the alternative, the Plaintiffs' damages, if any, all of which are denied, were

proximately caused by an independent intervening and/or superseding cause such as to bar the

Plaintiffs' claims against these Defendants.

17.

These Defendants specifically asserts that any cause of action asserted by the Plaintiffs is barred by the applicable statute of limitations and/or statute of repose.

18.

Plaintiffs have failed to offer proof that any act or omission on the part of these Defendants caused the Plaintiffs' alleged injuries and, as such, has failed to prove the elements of their cause of action and, therefore, the Plaintiffs' claim against these Defendants should be dismissed, with prejudice.

19.

In the event Plaintiffs are seeking punitive damages, Plaintiffs are prohibited from recovering these specific damages under federal law against a municipality, or against any Defendant acting in their official capacities.

20.

The Plaintiffs' Amended Complaint is barred in whole or in part because these Defendants acted reasonable in good faith, without malice or ill will toward the Plaintiffs at all relevant times, based on all relevant facts and circumstances known to these Defendants at the time they so acted.

21.

The Plaintiffs' Amended Complaint is barred in whole or in part because these Defendants exercised reasonable care to prevent and promptly correct any allegedly unlawful conduct.

22.

Plaintiffs' claims herein are barred in whole or in part to the extent Plaintiffs failed to mitigate their alleged damages.

23.

Plaintiffs' claims herein may be barred in whole or in part by after-acquired evidence.

24.

Plaintiffs' claims for punitive damages are barred because these Defendants did not engage in any unlawful practices with either malice or reckless disregard for Plaintiffs' rights.

25.

By answering the allegations of the Plaintiffs' Amended Complaint and/or by admitting certain allegations contained therein, these Defendants did not admit that they committed any wrongdoing of any nature whatsoever.  These Defendants specifically deny each and every material allegation in the Plaintiffs' Amended Complaint which was not heretofore specifically admitted, regardless of Paragraph number or lack thereof or Paragraph letter or lack thereof, and these Defendants specifically deny that they are guilty of any wrongdoing of any nature whatsoever.

26.

These Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and, thus, reserves their right to amend their Answer to include such defenses.

27.

Attorneys' fees awards are not permissible under the causes of action brought by the Plaintiffs.

28.

Plaintiffs' theories of recovery are contrary to public policy.

29.

These Defendants affirmatively plead that Plaintiffs would be unjustly enriched should any damages be awarded.

30.

These Defendants incorporate any and all defenses and affirmative defenses alleged by any other party to the extent that same are not inconsistent with denials to any allegations made in this Answer or any of these Defendants' other affirmative defenses.

31.

These Defendants assert that Plaintiffs' actions are frivolous, unreasonable, and groundless.  Accordingly, these Defendants are entitled to attorneys' fees and other costs associated with the defense of this action.

32.

These Defendants possessed and exercised a degree of care, skill and diligence ordinarily possessed and exercised by like law enforcement officers under the same or similar circumstances, and are not guilty of negligence or breach of duty whatsoever in this matter.

33.

Plaintiffs' claims are barred, in whole or in part, because the injuries, damages, and losses alleged in the Plaintiffs' Amended Complaint, none being admitted, were caused in whole, in part, or proximately by the fault or negligence of the Plaintiffs and/or others, which by comparison was far greater than any conduct alleged as to these Defendants.  Accordingly,

Plaintiffs' claims are barred or must be reduced under the doctrine of contributory or comparative fault.  Miss. Code Ann. §§ 11-7-15, 11-7-11 (1972).

34.

Any alleged negligent or culpable conduct of these Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of the Plaintiffs' injuries and damages.

35.

These Defendants, at all times complained of, acted in good faith, without malice, without reckless disregard, without deliberate indifference, without retaliatory or evil motive, without injurious intent, and in compliance with the applicable legal standards, and is not guilty of any wrongful or tortious conduct and entitled to immunity.

36.

These Defendants specifically deny each and every material allegation of the Plaintiffs' Amended Complaint which has not been specifically admitted, regardless of Paragraph number or lack thereof or Paragraph letter or lack thereof.

37.

These Defendants specifically reserve and invoke all other defenses at law or in equity to which they are entitled, including, but not limited to those set forth hereinabove for which may be asserted by an Amended Answer as discovery moves forward.

38.

These Defendants would show that there can be no liability under Section 1983 under the doctrine of *respondeat superior.*  These Defendants would further show that they, nor did any final policy maker, did not have actual, subjective knowledge of a substantial risk of serious

harm to Plaintiffs nor did they respond with subjective deliberate indifference to such a risk under any interpretation of the United States Constitution.

39.

These Defendants would show that Plaintiffs were afforded all protections due to them under the United States Constitution, that any actions by these Defendants were reasonable, proper and complied with any and all constitutional standards, and that there was no violation whatsoever of any of Plaintiffs' constitutional or other rights. These Defendants would show that they were not deliberately indifferent, subjectively or objectively, in any contact with Plaintiffs. Further, these Defendants would show that they had in place adequate and proper policies and would further show that all officers were property hired, and adequately trained and supervised. Additionally, these Defendants verily believe that any and all policies and procedures pertaining to the Harrison County Sheriff's Office, including but not limited to, training of officers, supervision, use of force, and chain of command were adequate, proper, reasonable, and conformed with any and all constitutional standards and/or requirements.

40.

Plaintiffs have failed to state a claim against these Defendants under 42 U.S.C. §§ 1983, 1985 and 1988, and the Fourth and Fourteenth Amendments to the Constitution.

41.

AND NOW, having fully answered and set forth their answer, defenses and affirmative defenses to the Plaintiffs' Amended Complaint, these Defendants respectfully request that they be dismissed from this civil action with its proper costs, expenses and attorney fees associated with defending this matter including but not limited to those costs, expenses and fees allowed under 42 U.S.C.§§ 1988 and 1927 .

RESPECTFULLY SUBMITTED this the 14th day of August, 2023.

HARRISON COUNTY SHERIFF TROY
PETERSON, HARRISON COUNTY DEPUTY
CHRIS ALLEN and HARRISON COUNTY
DEPUTY HARRY MOSKOWITZ, Defendants

BY:    HOPKINS, BARVIÉ & HOPKINS, Their
       Attorneys


BY:    *s/A. Norris Hopkins, Jr.*
       A. NORRIS HOPKINS, JR. (MSB #10819)

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2023, I electronically filed the Answer, Defenses and

Affirmative Defenses of Troy Peterson, Chris Allen and Harry Moskowitz with the Clerk of the

Court using the ECF system which electronically delivered same to all counsel of record.


*s/A. Norris Hopkins, Jr.*
A. NORRIS HOPKINS, JR.


HOPKINS, BARVIÉ & HOPKINS, P.L.L.C.
ATTORNEYS AND COUNSELORS AT LAW
A. NORRIS HOPKINS, JR., MSB# 10819
MARIANO J. BARVIÉ, MSB# 10324
2701 24TH AVENUE
P. O. BOX 1510
GULFPORT, MS 39502-1510
(228) 864-2200
FAX: (228) 868-9358